FILED
CLERK, U.S. DISTRICT COURT
APR - 1 2015
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE M. ALLI, <br><br> Plaintiff, <br><br> v. <br><br> JESUS ESPANOLA, <br><br> Defendant. | Case No. CV 15-1878-SVW (PJWx) <br><br> [~~PROPOSED~~] ORDER SUMMARILY REMANDING IMPROPERLY REMOVED ACTION TO LOS ANGELES COUNTY SUPERIOR COURT |

    Before the Court is an unlawful detainer action that Defendant Jesus Espanola removed from the Los Angeles County Superior Court. For the following reasons, the case is summarily remanded back to the superior court.

    In October 2014, Defendant was sued in the Los Angeles County Superior Court in what appears to be a routine unlawful detainer action. On March 13, 2015, Defendant removed the action to this court, arguing that the case was a federal one because Plaintiff had violated the Fair Debt Collection Practices Act.

    Generally speaking, federal district courts lack subject matter jurisdiction over unlawful detainer actions like this one. That is because unlawful detainer actions do not involve federal issues and a defendant cannot introduce one by raising it in his defense and/or

counter-claim.  *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Federal jurisdiction cannot be predicated on an actual or anticipated defense, or rest upon an actual or anticipated counterclaim") (internal citations omitted).  Further, there is no diversity jurisdiction under 28 U.S.C. § 1332 because, even if Defendant could establish that the parties are diverse, it is clear from the Complaint that the amount in controversy is less than $10,000.  As a result, Defendant cannot remove the action to this court.  *See* 28 U.S.C. § 1441(a); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

    Accordingly, IT IS ORDERED that (1) pursuant to 28 U.S.C. § 1447(c), this case is REMANDED to the Superior Court of California, County of Los Angeles, 111 N. Hill Street, Los Angeles, California 90012; (2) the clerk shall send a certified copy of this Order to the state court; and (3) the clerk shall serve copies of the Order on the parties.

    IT IS SO ORDERED.

DATED: 4/1/15

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

Presented by:

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-IFP\Civil duty IFP denials\Espanola PO.wpd